## BREED *v.* GOVE.

In a suit to recover for necessaries furnished the wife of the defendant while living separate from him, the case being referred to an auditor, the plaintiff offered the wife as a witness against her husband. *Held*, that the ruling of the auditor, excluding the wife as a witness, was correct; that she was not admissible at common law, nor by virtue of the statutes of this State.

THIS action, brought by Thomas F. Breed against Peltiah Gove, was referred to an auditor, who reported that the claim of the plaintiff was for the sum of $38.88, for necessaries furnished the wife of the defendant while living apart from her husband; and the auditor found that the

plaintiff was not entitled to recover any portion of said sum of the defendant. By consent of parties the auditor further reported, that upon the hearing the plaintiff offered Phebe H. Gove, the wife of the defendant, as a witness, the defendant objecting, and the auditor excluded her from testifying, to which ruling of the auditor the plaintiff excepted; and the questions of law arising were transferred.

*Cross & Topliff*, for the defendant, referred to the following authorities: 1 Gr. Ev. 481; 1 Phill. Ev. 69; 2 Pick. 304; 6 Cush. 308; 1 Gray 555; 26 Barb. 612; 18 U. S. Dig. 760; 2 Sandf. 340; 4 Sandf. 596; 2 Md. Ch. Dec. 494; 14 N. H. 22; 37 N. H. 499; Rev. Stat., ch. 189; 20 N. H. 538; Ch. 1952, P. L.; *Manchester* v. *Manchester*, 24 Vt. 649; *Stapleton* v. *Craft*, 10 E. L. & E. 455; 12 E. L. & E. 354.

*D. Steele*, for the plaintiff, referred to 7 N. H. 538; Pamphlet Laws, ch. 1952, sec. 1; *Dartmouth College* v. *Woodward*, 1 N. H. 127.

NESMITH, J. This case finds that this action was brought to recover of the defendant a balance for necessaries furnished to the wife of the defendant while living separate or apart from the husband. Upon the hearing of this case before the auditor, the plaintiff offered Phebe H. Gove, the wife of the defendant, as a witness. The defendant objected. The auditor excluded the witness. To this ruling of the auditor the plaintiff excepted; and the question now presented is, Was the ruling of the auditor correct? By the recent statutes in this State, allowing parties to actions to testify, so far as the question of mere pecuniary interest may be involved, there could be no sufficient objection brought against the right of the plaintiff to avail himself of the benefit of the wife's testimony against her husband. But, in adjusting the question, other consider-

ations of high importance are to be regarded. At common law, the general rule that neither husband nor wife is admissible as a witness in a cause, civil or criminal, in which the other is a party, is recognized as sound and wholesome. This exclusion is partly founded on the identity of their legal rights and interests, and partly on principles of public policy, which lie at the basis of public security. Professor *Greenleaf* (1 Gr. Ev., sec. 324) says, "It is essential to the happiness of social life that the confidence subsisting between husband and wife should sacredly protected and cherished, in its most unlimited extent; and to break down or impair the great principles which protect the sanctities of that relation, would be to destroy the best solace of human existence." Domestic relations and confidential communications must be protected from exposure, when existing between husband and wife. This necessity to protect the peace of society forms the foundation of the rule that prevents the husband or wife to testify as a witness against each other. *McLean*, J., in *Stein* v. *Bowman*, 13 Curtis 126. Independently of the question of interest, husband and wife are not admitted as witnesses, either for or against each other: from their being so nearly connected, they are supposed to have such a bias upon their minds that they are not permitted to be witnesses qualified to give evidence for or against each other. *King* v. *Cleviger*, 2 D. & E. 269; *Davis* v. *Dinwoody*, 4 D. & E. 679. Nor is there any difference in the principle at common law between the admissibility of the husband and that of the wife, where the other is a party. *Pedley* v. *Wellesley*, 3 C. & P. 558; 1 Phill. Ev. 160, 175, and note; *Bentley* v. *Cooke*, 3 Doug. 422. There are some exceptions to the general rule, more especially in criminal cases, where the wife is the suffering party, or where she is liable to suffer. These exceptions are illustrated in Buller's Nisi Prius 287; 2 Kent Com. 172. But it may also be considered that our statutes have relaxed the general rule so far

Breed *v.* Gove.

as to permit the wife to testify in cases where she is the meritorious cause of action, and where a concurrent unity of interest exists in the husband and wife, or in that class of cases where they are joined as one party. Here the wife testifies, to the exclusion of the husband, to matters of a concurring interest. But we do not understand that our statutes on this subject have given the right to either husband or wife to testify against each other in civil cases, like the one before us. The New-York Court of Procedure, which abolishes incompetency on the ground of interest, except in the case of those for whose immediate benefit an action is brought, and allows parties to be examined by the opposite party, does not affect the competency of husband and wife as depending on the matrimonial relation. *Ervin* v. *Smaller*, 2 Sandf. 340. Such power as is claimed for the plaintiff in this case was not considered as conferred by the Massachusetts statute of 1857,—allowing parties to testify,—but was afterward conferred, in that State, by chapter 230 of the General Statutes of 1859. It is there enacted, "The wife may testify in all actions brought against her husband, wherein the cause of action grows out of any wrong or injury by the husband to her, or his neglect to furnish her with proper means of support." In the absence of similar legislation in this State, it only remains for the court to declare the law as they find it, and that all the reasons for excluding the wife from testifying in this case, through motives of public policy and domestic peace, or presumed bias of mind, still remain in full force, and of course apply to this case. *Kelley* v. *Proctor*, 41 N. H. 139.

The auditor's decision in this case is sustained, and there must, therefore, be

*Judgment for the defendant.*